## INJURY RECEIVED WHILE OILING MACHINERY.

Court of Appeals for Mahoning County.

THE NATIONAL COAL COMPANY v. EARL L. POTTS.

Decided, December Term, 1913.

*Law and Fact—Determination as to Whether Certain Parts of Machinery Are "Shafting" a Question of Law and not for the Jury, When—Piston Rod, Connecting Rod and Crank are not Shafting—Section 1027.*

1. Whether certain parts of machinery are shafting within the provisions of Section 1027, General Code, there being no conflict in the testimony as to the character, appearance and operation of such parts, is not a question for the jury but a question of law for the court.
2. It is reversible error for the jury to find that such parts of machinery are shafting within the provisions of Section 1027 of the General Code, and to return a verdict based in part thereon in favor of the plaintiff in a case charging negligence in respect to the same.

*Charles S. Turnbaugh,* for plaintiff in error.
*J. H. Mackey,* contra.

NORRIS, J.; METCALFE, J., and POLLOCK, J., concur.

This is an error proceeding to reverse a judgment for damages rendered in a personal injury case. The defendant in error, Potts, in his petition in the court of common pleas, after alleging the corporate organization of the plaintiff in error, hereinafter called the coal company, alleges further that on the 27th day of April, 1909, he was in the employ of the coal company operating an engine which was used for the purpose of driving a fan in connection with a coal mine. He further alleges that in the "operation of said machinery the piston rod, the same being about twenty-seven inches long, was fastened at its east end with an iron connecting rod about three feet long, which in turn was connected at its east end with an iron crank about fifteen inches long, the other end whereof was fastened to the south end of said fan shaft, and all the same so fastened to-

gether was a shaft operating horizontally near the floor to drive said fan shaft and the fan, and was a part of said engine and an appliance thereof; that when the engine was in operation the movement of the piston rod forward and backward, which in turn drove said crank, causing the crank to move in a revolving manner in a circle having the end of the fan shaft for its center, all the same together in this matter operating horizontally near the floor, as heretofore alleged, and all of which in operation revolved said fan shaft and the fan attached to the north end thereof; that in operation the said shaft, consisting of said piston rod, connecting rod and crank, moved in a line parallel with and only about one-quarter of an inch south of the south side of the foundation and the end of the crank whereto the iron connecting rod was attached, at the farthest point to which it was driven in operation, went beyond the southeast corner of the piece of iron resting crosswise on the foundation at the east end about thirteen inches, and went beyond the east edge of the foundation about three inches, and at its farthest point downwards went below the south end of the cross piece of iron and the top of the foundation about eleven inches.''

He further alleges that the said machine and its appliances were in a defective condition in the following respects: Said revolving fan shaft and the piece of iron whereon its bearings rested was set so near the east edge of the foundation that the crank in its revolution passed beyond the southeast corner of said piece of iron about thirteen inches, and passed beyond the east edge of the foundation about three inches; that the fan shaft extended beyond the south line of the foundation but three inches, because whereof said shaft, consisting of said piston rod, connecting rod and crank, worked on a line within one-quarter of an inch of the south line of the foundation and south thereof; that the fan shaft and its bearings lay within six inches of the top of the foundation, by reason whereof the crank in its revolution went beyond the level of the top of the foundation; that the condition of the machine was further defective in these several respects, to-wit:

"Said shaft consisting of said piston rod, connecting rod and crank fastened together and operating, as hereinbefore alleged, horizontally near the floor of the building, and not cased or boxed, said crank was too long and in revolution described a circle about thirty inches in diameter and passed beyond the southeast corner of said piece of iron whereon the shaft rested, and beyond the east edge of the foundation and passed below the level of the top of the foundation, and in operation was liable to jerk. anything coming in contact with it down between it and the foundation."

While greasing said machinery plaintiff says that in the exercise· of due care some of the rags in his hand caught in the said crank which suddenly jerked his right hand down between the south end of a piece of iron lying crosswise and said crank as it descended in its motion, injuring his hand by crushing and cutting off the first three fingers thereof.

The defendant, for answer, denies all charges of negligence and alleges that plaintiff's injuries were caused by his own negligence. The case was tried to a jury, who returned a verdict in favor of the plaintiff for $2,200, and also, at the request of defendant, returned the following special verdicts:

"Special verdict No. 1. Do you find that said piston rod and connecting rod and crank fastened together was a shaft or shafting? Answer, Shafting.

"Special verdict No. 2. If you find by your general verdict in favor of the plaintiff, state whether or not you find in favor of plaintiff upon all or part of the negligence alleged in plaintiff's amended petition? Answer, Part.

"If your answer to above question is that you find for plaintiff upon part of the negligence alleged in his amended petition, then state which negligence or negligences you so find in his favor, and also state whether you find that operating alone or together plaintiff's injuries were caused thereby. Answer, Deficient in construction of foundation and lack of boxing or casing of shafting together."

The first error alleged is that the special verdict No. 1, as submitted by counsel for defendant to the court, did not contain the words "or shafting" at the end thereof, and that the court committed error in adding those words to the special verdict.

Without discussing the question as to the right of the court to amend a special verdict, we think the addition of the words ''or shafting'' were in no wise prejudicial to the defendant.

It is now urged that whether or not this engine piston rod and the connecting rod and crank which turned the shaft were ''shafting,'' was a question of law for the determination of the court and not a question for the jury, and that the court erred in submitting it to the jury, but this question was submitted to the jury at the request of defendant and if it was error defendant can not now complain. But this still leaves the question as to what it was, and as to whether or not the finding of the jury upon that question was manifestly against the weight of the evidence. It may be said at the start that there was no conflict in the evidence as to the description of the piston rod, connecting rod and crank. Photographs of these appliances were brought into the record showing views of them from different standpoints, and there is no controversy as to how they operated.

The question arises under Section 1027 of the General Code, which provides:

''The owners and operators of shops and factories shall make suitable provisions to prevent injury to persons who use or come in contact with machinery therein, or any part thereof as follows:

''1. They shall case or box all shafting operating horizontally near floors, or perpendicularly between, from or through floors, or traversing near floors, or when operating near a passage way or directly over the heads of employees.''

Now, is the definition or meaning of the word ''shafting'' as used in that section and applied to machinery, a question of fact for the jury or a question of law for the court? And, whichever it is, does the piston rod of an engine, cross head, connecting rod and crank come within the provisions of that statute? There being no dispute as to the exact character of these appliances, we think it was clearly a question of law for the court to determine whether or not these pieces of machinery taken together came within the provisions of that statute. *Pa. Co.* v. *Rothgeb,* 32 Ohio St., 66; *L. S. & M. S. Ry. Co.* v. *Lüdtke,*

69 Ohio St., 400; *Gas Company* v. *Archdeacon*, 80 Ohio State, 38.

· The ordinary meaning is to be given to words used in the statute. *Slinghuff* v. *Weaver et al*, 66 Ohio St., 621-627; *Smith Brewing Company* v. *Bowman,* 41 Ohio St., 52; *Tyler's Ex'rs* v. *Winslow,* 15 Ohio St., 366.

Two witnesses, both called by plaintiff, who were engineers, testify in substance that these appliances referred to were not generally understood to be or called "shafting." We do not think any definition can be found of the word "shafting" which would include a piston rod of an engine and the connecting rod and crank. We do not think they are ever called shafting by people who describe machinery, but again, as stated in *Rohdes* v. *Weldy,* 46 Ohio St., 324, reading from the syllabus:

"Where the same word or phrase is used more than once in the same act in relation to the same subject-matter and looking to the same general purpose, if in one connection its meaning is clear and in another it is doubtful or obscure it is in the latter case to receive the same construction as in the former, unless there is something in the connection in which it is employed, plainly calling for a different construction."

Now, in this same section, Section 1027, sub-division 3, we find the word "shafting" used as follows:

"They shall cover, cut off or countersink keys, bolts, set screws and all other parts of wheels, shafting or other revolving machinery projecting unevenly beyond the surface of such revolving machinery."

Clearly the Legislature in the use of the word "shafting" in that section, used it as it is generally understood, as a revolving shaft connecting the power to machinery, and did not use it in the sense of a piston rod and connecting rod. To the same effect is *Raymond* v. *Cleveland,* 42 Ohio St., 522-529, and *Norris* v. *State,* 25 Ohio St., 224.

So that we find as a matter of law that the piston rod, connecting rod and crank were not shafting within the meaning of that statute, and that the special finding of the jury is manifestly

wrong. It follows from that, that inasmuch as the jury found or based their verdict in part because of lack of boxing or casing of shafting, that their verdict is manifestly against the evidence.

The judgment of the court of common pleas will be reversed and the case remanded for a new trial.